UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD B. MABIE JR,<br><br>            Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>            Defendant. | CASE NO. 2:17-CV-01016-RAJ-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE: APRIL 13, 2018 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. 10, 14, 15).

This matter previously was before this Court. The Court previously concluded that the ALJ's rationale for failing to credit fully the opinions from the examining doctors was not specific and legitimate rationale supported by substantial evidence in the record.

Following remand of this matter, the ALJ offered similar (or the same) reasons for failing to credit fully the opinions of examining doctors again. Defendant admits that "the reasons offered by the ALJ to discount Dr. Cunningham's opinion were previously rejected by the district court, or are insufficient on their own[1]." Dkt. 14, p. 3. Plaintiff argues that the Administration should not have yet another opportunity to attempt to find reasons to fail to credit fully this evidence, but instead, that the medical opinions should now be credited in full and benefits should be awarded, per direction from this Court. Although defendant concedes that the ALJ erred when evaluating the medical evidence, defendant does not concede that this matter should be reversed and remanded with a direction to award benefits.

It is likely true that if the Court were to credit in full the doctor's opinions, including Dr. Cunningham's, plaintiff would be deemed disabled. However, defendant persuasively argues that there is some doubt that plaintiff was in fact disabled for the entire period of alleged disability. Therefore, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further administrative proceedings consistent with this Report and Recommendation.

## BACKGROUND

Plaintiff, RICHARD B. MABIE, JR., was born in 1966 and was 42 years old on the alleged date of disability onset of September 1, 2008 (*see* AR. 231-32, 233-38).

---

[1] Defendant also concedes that the "ALJ's hypothetical question to the vocational expert ("VE") was inconsistent with the RFC finding," and that the step four finding "is not based on substantial evidence." Dkt 14, pp. 3-4.

Plaintiff did not finish high school, but did obtain his GED. AR. 690-91.  He started, but did not finish an apprenticeship program with the union.  AR. 691-92.   Plaintiff has some work history in maintenance and as an elevator mechanic/helper.  AR. 269-72. His last employment ended following a panic attack when he left work, never returned, and was fired.  AR. 694-95.

According to the ALJ, plaintiff has at least the severe impairments of "depressive disorder; generalized anxiety disorder; Asperger's syndrome; alcohol abuse; and degenerative disc disease. (20 CFR 404.1520(c) and 416.920(c))."  AR. 501.

At the time of the last hearing, plaintiff was homeless.  AR. 526.

## PROCEDURAL HISTORY

Plaintiff provides the following undisputed procedural history:

> On February 28, 2011, Richard B. Mabie, Jr, filed an application for Social Security Disability Insurance Benefits and Supplemental Security Income disability benefits. Administrative Record (AR) 81, 82, 498. The applications were denied initially and on reconsideration. AR 139, 149, 151. Mr. Mabie timely requested an administrative hearing. AR 155. On June 27, 2012, a hearing was held before Administrative Law Judge Wayne Araki, and on September 28, 2012, the ALJ issued a decision denying disability benefits to Mr. Mabie. AR 19-72. Mr. Mabie timely requested review of this matter by the Appeals Council, but on April 9, 2014, the Appeals Council declined to review the ALJ's decision. AR 1, 14. Mr. Mabie sought review in the United States District Court for the Western District of Washington. AR 613. On May 26, 2015, the Court reversed the denial of benefits and remanded the matter for further administrative proceedings. AR 623-31, 645-74.
>
> On September 21, 2016, a second administrative hearing was held before ALJ Araki. AR 522-86. On November 2, 2016, ALJ Araki issued a second decision denying disability benefits. AR 498-514. Mr. Mabie did not submit written exceptions to the Appeals Council, and the Appeals Council did not elect to review the case on its own. On June 14, 2017, the Appeals

Council granted Plaintiff an extension of the time to file a civil action. AR 492. This appeal follows.

Plaintiff's Opening Brief, Dkt. 10, p.2

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in July, 2017 (*see* Dkt. 3). Defendant filed the sealed administrative record regarding this matter ("AR.") on October 6, 2017 (*see* Dkt. 8).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ properly evaluated all of plaintiff's mental impairments; (2) Whether the ALJ properly evaluated the opinions of Margaret Cunningham, PhD; (3) Whether the ALJ properly evaluated the opinions of Melanie Mitchell, PsyD; (4) Whether the ALJ properly evaluated the opinions of Steven Johansen, PhD; (5) Whether the vocational expert's testimony satisfied defendant's burden at Step 5; and (6) Whether the ALJ properly evaluated plaintiff's credibility (*see* Dkt. 10, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

//

# DISCUSSION

**(1)   What is the proper remedy?**

The ALJ made obvious errors here. Defendant has conceded reversible error. Therefore, the remaining question is whether this matter should be reversed with a direction to award benefits or for further administrative proceedings.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (quoting *Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See id.; Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)). Defendant argues, in part, that "the record suggests that plaintiff's condition may have changed over time," citing evidence of long gaps in treatment and

improvement in symptoms following certain medication regimens. Dkt. 14, p. 5 (citing AR. 432, 435-36, 1063-64). As discussed below, defendant's argument is persuasive.

Plaintiff contends that it is normal for him, given his impairments, to have closed periods of improvement following medication, such as when plaintiff was observed as not anxious, or when he failed to report anxiety as a medical problem (*see* AR. 436 (12/22/2010: not anxious), 1063 (4/16/2015 problem list does not include an anxiety disorder), 1064-65 (also on 4/16/2015, physician observes "appropriate mood and affect" and physician's plan to continue present medication as plaintiff was experiencing "good results with [the] switch" to a different medication). Simply put, there is evidence to suggest that when plaintiff is on his meds, he is functional. Plaintiff also acknowledges that "significantly, the medical record reflects long gaps without any treatment at all," but contends that these "gaps are consistent with [plaintiff's] reports that he is often unable to leave his home. *See* Dkt. 10, p. 15.

Plaintiff's contention that cycles of improvement did not last sufficiently long to have an effect on whether or not plaintiff is disabled for the entire period of time for which he alleges disability may be correct. *See id*. Similarly, it may be the case that the "long gaps without any treatment at all" reflect periods of time during which plaintiff was "unable to leave his home." *See id*. However, it may also be the case that such long gaps in treatment reflect periods of time during which plaintiff was capable of competitive employment due to a period of improvement. This is an outstanding issue the resolution of which through further administrative proceedings would be useful. Therefore, this matter should be reversed and remanded for further administrative proceedings as

opposed to remanded with a direction to award benefits. *See Harman, supra,* 211 F.3d at 1178 (quoting *Smolen*, *supra*, 80 F.3d at 1292) (remand with a direction to award benefits is only appropriate if "there are no outstanding issues that must be resolved before a determination of disability can be made").

The Court also notes that the ALJ is responsible for resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Such ambiguities remain here.

**(2)   Remaining contentions of plaintiff are made irrelevant by defendant's Response.**

The remaining contentions of plaintiff from the Opening Brief need not be discussed due to defendant's Response conceding error.

CONCLUSION

Although long gaps in treatment may reflect periods of time during which plaintiff was disabled and unable to leave his house, they also may reflect periods of time during which plaintiff was capable of competitive employment and therefore not disabled. This is one of the outstanding issues requiring resolution through further administrative proceedings and analysis of the entire administrative record.

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further administrative proceedings

consistent with this Report and Recommendation.  **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 13**,** 2018, as noted in the caption.

Dated this 20th day of March, 2018.

J. Richard Creatura
United States Magistrate Judge